IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 9, 2008

## STATE OF TENNESSEE v. FRANK G. WATKINS

**Direct Appeal from the Circuit Court for Madison County**
**No. 05-740, 06-475, 06-540    Roger Page, Judge**

---

**No. W2008-00567-CCA-R3-CD  - Filed November 17, 2008**

---

Defendant-Appellant, Frank G. Watkins (hereinafter "Watkins"), appeals the Madison County Circuit Court's order revoking his community corrections sentence. Watkins contends that the trial court abused its discretion by failing to base its decision on a "willful" action. Following our review, we find no abuse of discretion. The judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Paul E. Meyers, Assistant Public Defender, Jackson, Tennessee, for the appellant, Frank G. Watkins.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; James G. Woodall, District Attorney General; and James Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Facts**. On October 11, 2006, Watkins pleaded guilty to: (1) two counts of possession of .5 grams or more of cocaine with the intent to sell; (2) one count of tampering with evidence; (3) one count of driving on a suspended license; (4) one count of disobeying a traffic signal; and (5) one count of possession of marijuana. He received an effective sentence of eight years. Pursuant to the plea agreement, Watkins was to serve ninety days in confinement with the remainder of the sentence to be served in community corrections.

On July 12, 2007, a community corrections violation warrant was issued for Watkins' arrest. The grounds for the warrant included: (1) being arrested for possession of marijuana; (2) failing to pay court costs; (3) failing to pay supervision fees; and (4) failing to maintain employment. On August 10, 2007, Watkins waived a hearing, admitted the violations, and agreed to have his sentence revoked and reinstated after sixty days of incarceration in the workhouse, followed by community corrections.

On January 4, 2008, a second community corrections violation warrant, the case <u>sub judice</u>, was issued. The warrant alleged that Watkins failed to: (1) pay court costs; (2) pay supervision fees; (3) report as scheduled; (4) maintain employment; and (5) complete an alcohol and drug abuse assessment. A revocation hearing was held on February 15, 2008. At the hearing, Watkins admitted to the violations but asserted that his lack of employment prevented him from paying his costs and fees. He stated that he did not report to his community corrections officer or attend the alcohol and drug assessment because he was homeless and did not have any transportation.

At the conclusion of the hearing, the trial court revoked Watkins' community corrections based on Watkins' failure to report to his community corrections officer and ordered him to serve his original sentence in the Tennessee Department of Correction.

After a timely notice of appeal, Watkins requests this Court to reverse the trial court's order.

## ANALYSIS

The Tennessee Supreme Court has held that the principles for revoking a community corrections sentence are the same as those applied in a revocation of a probation proceeding. <u>State v. Harkins</u>, 811 S.W.2d 79, 83 (Tenn. 1991). A trial court may revoke a community corrections sentence upon a finding by a preponderance of the evidence that the defendant violated the conditions of his sentence. <u>See</u> T.C.A. §§ 40-35-310, -311(e) (2006). Upon sufficient evidence, the trial court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration. <u>Id</u>. This court will not overturn a trial court's revocation of a defendant's community corrections sentence absent an abuse of discretion. <u>See</u> <u>State v. Shaffer</u>, 45 S.W.3d 553, 554 (Tenn. 2001). In order to establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's determination that he violated the conditions of his community corrections. <u>See</u> <u>State v. Beard</u>, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005) (citations omitted). Revocation of a community corrections sentence based upon the defendant's failure to pay requires the trial court to find that the failure to pay was "willful." <u>See</u> <u>State v. Dye</u>, 715 S.W.2d 36, 41 (Tenn. 1986).

In this appeal, Watkins argues that the trial court erred because it based its decision on actions that were not "willful." Specifically, Watkins contends that he could not adhere to the conditions of paying fees and costs because he was homeless and unemployed. However, the trial court based its decision to revoke Watkins' community corrections on his failure to report to his community corrections officer. Contrary to Watkins' assertion, the trial judge stated, "I've never revoked anybody because they couldn't make payments, as long as they were trying. My concern is your failing to report. . . . [I] know you have difficult circumstances, but it appears to me you just haven't given an effort to try to report." Notwithstanding payment of fees, this court has held that the trial court need not make willfulness findings in regard to a defendant's failure to adhere to the terms of his or her probation or community corrections. <u>See</u> <u>State v. Derrick Crawley</u>, No. M2006-01895-CCA-R3-CD, 2007 WL 1946659, at *3 (Tenn. Crim. App. at Nashville, July 5, 2007); <u>State</u>

v. Julia Mosley, No. E2004-01787-CCA-R3-CD, 2005 WL 819734, at \*3 (Tenn. Crim. App. at Knoxville, Apr. 8, 2005). Accordingly, the trial court did not abuse its discretion in revoking Watkins' community corrections sentence.

## **CONCLUSION**

Based on our review, we conclude that the trial court acted within its discretion in revoking Watkins' community corrections sentence. Accordingly, the judgments of the trial court are affirmed.

_____
CAMILLE R. McMULLEN, JUDGE